

# METHFESSEL & WERBEL
### A Professional Corporation

| | Of Counsel | Associates |
|---|---|---|
| JOEL N. WERBEL> | STEPHEN R. KATZMAN# | KASSIANI CHRYSANTHOPOULOS> |
| JOHN METHFESSEL, JR.> | ED THORNTON> | EDWARD D. DEMBLING> |
| FREDRIC PAUL GALLIN*+^ | MICHAEL TRIFIOLIS> | CADEN M. DIEL> |
| WILLIAM S. BLOOM>* | BETH A. BOLGER+ | MICHAEL R. EATROFF> |
| ERIC L. HARRISON*+ | PAUL E. GRIGGS> | ERICA FRANCISCO-LAU+ |
| MATTHEW A. WERBEL> | | CARLOS J. JIMENEZ+ |
| LORI BROWN STERNBACK*+ | | FRANK J. KEENAN+^ |
| I. BLAKELEY JOHNSTONE, III+* | Counsel | SCOTT KETTERER> |
| GINA M. STANZIALE> | ADAM M. CARMAN+^ | ZURAB MAISURADZE> |
| PAUL J. ENDLER JR.> | SHAJI M. EAPEN+ | JOHN M. MARTIN> |
| JAMES P. CULLEN, JR.=^ | JOSEPH C. FALK> | KAJAL J. PATEL+ |
| THOMAS O. MULVIHILL> | ANGELA M. GURRERA> | ROBERT PLANTER> |
| JAMES FOXEN^ | GERALD KAPLAN> | HOLLY C. RENSHAW> |
| SARAH K. DELAHANT+ | JARED P. KINGSLEY*+ | NICOLETTE RUBEL> |
| ATHINA L. CORNELL+ | JOHN R. KNODEL*+ | ADAM M. SCHWARTZ+ |
| JEFFREY R. MERLINO+ | LESLIE A. KOCH= | VITTORIA A. SCULCO> |
| JENNIFER A. OSBORNE+ | CHARLES T. MCCOOK, JR.*> | MANINDER K. SINGH> |
| ANDREW J. GIBBS> | CHRISTINA MICHELSON+ | ALYCIA M. SWIFT+ |
| JARED S. SCHURE> | RICHARD A. NELKE~ | TIFFANY D. TAGARELLI> |
| | STEVEN K. PARNESS+ | |
| | RAINA M. PITTS^ | Retired |
| | AMANDA J. SAWYER^ | JOHN METHFESSEL, SR.> |
| | STEVEN A. UNTERBURGER+ | (1935-2017) |
| | | DON CROWLEY*+ |
| | | (1942-2024) |
| | | MARC DEMBLING*+ |
| | | (1944-2022) |

December 11, 2025

* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
^Member of NY Bar only
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
<Member of NJ, NY & CA Bar
>Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar
+Member of NY, NJ & FL Bar

**Please reply to New Jersey**

<u>**VIA ELECTRONIC FILING**</u>
Motions Clerk, United States District Court - Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08102

RE:  **IMAGE PROFESSIONAL GMBH VS. THE EARLY BIRD RIVERTON LLC**
Our File No.      : 96988 RMP
Civil Action No.  : 1:25-CV-03046-CPO-SAK

Dear Sir/Madam:

This office represents the Defendant The Early Bird at Milanese d/b/a The Early Bird i/p/a The Early Bird Riverton LLC. Enclosed please find the Defendant's Answer and Third Party Complaint.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**

*/s/ Raina Pitts*

Raina M. Pitts
pitts@methwerb.com
Ext. 147

RMP:EFL/Encl.
Answer

Methfessel & Werbel, Esqs.
Our File No. 96988 RMP
Page 2

cc: **VIA ELECTRONIC FILING & EMAIL**
**VIA EMAIL: ddesouza@desouzalaw.com**
Daniel DeSouza, Esq.
CopyCat Legal PLLC
3111 North University Drive Suite 301
Coral Springs, FL 33065

METHFESSEL & WERBEL, ESQS.
2025 Lincoln Hwy, Suite 200
Edison, NJ  08817
732-248-4200
732-248-2355
pitts@methwerb.com
Attorneys for The Early Bird at Milanese d/b/a The Early Bird i/p/a The Early Bird Riverton LLC
Our File No.  96988 RMP

| IMAGE PROFESSIONAL GMBH D/B/A STOCKFOOD<br><br>Plaintiff<br><br>V.<br><br>THE EARLY BIRD RIVERTON LLC<br><br>Defendant | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.:<br>1:25-CV-03046-CPO-SAK<br><br>**ANSWER AND THIRD PARTY COMPLAINT BY THE EARLY BIRD RIVERTON LLC** |
|---|---|

### "COMPLAINT"

The Early Bird at Milanese d/b/a The Early Bird i/p/a The Early Bird Riverton LLC, by and through its attorneys, Methfessel & Werbel, Esqs., by means of an Answer to the Complaint presented by Plaintiff Image Professional GMBH D/B/A Stockfood filed on April 22, 2025, responds as follows:

### "PARTIES"

1. Upon information and belief, the Defendant admits to the descriptions of the parties.

2. Admitted.

## **"JURISDICTION AND VENUE"**

3. To the extent this Paragraph alleges that answering Defendant violated the rights of Plaintiff, denied.

4. To the extent this Paragraph alleges that answering Defendant violated the rights of Plaintiff, denied.

5. To the extent this Paragraph alleges that answering Defendant violated the rights of Plaintiff, denied.

## **"FACTS"**

**I.    "PLAINTIFF'S BUSINESS AND HISTORY"**

6. Paragraph 6 makes no assertion against answering Defendant, who is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the within Paragraph of the Complaint; otherwise, denied.

7. Paragraph 7 makes no assertion against answering Defendant, who is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the within Paragraph of the Complaint; otherwise, denied.

8. Paragraph 8 makes no assertion against answering Defendant, who is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the within Paragraph of the Complaint; otherwise, denied.

**II.     "THE WORK AT ISSUE IN THIS LAWSUIT"**

9.  Paragraph 9 makes no assertion against answering Defendant, who is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the within Paragraph of the Complaint; otherwise, denied.

10. Paragraph 10 makes no assertion against answering Defendant, who is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the within Paragraph of the Complaint; otherwise, denied.

11. Paragraph 11 makes no assertion against answering Defendant, who is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the within Paragraph of the Complaint; otherwise, denied.

**III.    "DEFENDANT'S UNLAWFUL ACTIVITIES"**

12. Admitted only insofar as the Defendant owned and operated a restaurant; otherwise, denied.

13. Admitted only insofar as the Defendant has the Account; otherwise, as the design, hosting and programming of the Account is maintained by SpotHopper Inc. the remainder of this Paragraph is denied.

14. Admitted only insofar as the Defendant has the Account; otherwise, as the design, hosting and programming of the Account is

maintained by SpotHopper Inc. the remainder of this Paragraph is denied.

15. Neither admitted, nor denied. Plaintiff is left to his proofs.

16. Admitted only insofar as the Defendant has the Account; otherwise, as the design, hosting and programming of the Account is maintained by SpotHopper Inc. the remainder of this Paragraph is denied.

17. Neither admitted, nor denied. Plaintiff is left to his proofs.

18. Denied.

19. Neither admitted, nor denied. Plaintiff is left to his proofs.

20. Admitted only insofar as the Defendant has the Account; otherwise, as the design, hosting and programming of the Account is maintained by SpotHopper Inc. the remainder of this Paragraph is denied.

**RESPONSE TO "COUNT I – COPYRIGHT INFRINGEMENT"**

21. Answering Defendant repeats and reiterates their answers to all the previous allegations of the Complaint with full force and effect as though more fully set forth herein at length.

22. Neither admitted nor denied; Plaintiff is left to his proofs.

23. Neither admitted nor denied; Plaintiff is left to his proofs.

24. Neither admitted nor denied; Plaintiff is left to his proofs.

25. Denied.

26. Denied.

27. Denied.

28. Admitted only insofar as the Defendant has the Account; otherwise, as the design, hosting and programming of the Account is maintained by SpotHopper Inc. the remainder of this Paragraph is denied.

29. Denied.

30. Neither admitted nor denied; Plaintiff is left to his proofs.

31. Denied.

32. Denied.

33. Denied.

**WHEREFORE** answering Defendant demands judgment dismissing the Complaint with prejudice and awarding fees, costs and such other relief as the Court may deem just and equitable.

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Defendant was not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by plaintiff.

### THIRD SEPARATE DEFENSE

Any claims against answering defendant are barred by contributory negligence or should be mitigated by comparative negligence pursuant to N.J.S.A. 2A:15-5.1, et seq.

## **FOURTH SEPARATE DEFENSE**

Any and all injuries and damages were proximately caused by actions or negligence of plaintiff or by persons not under the control of this defendant.

## **FIFTH SEPARATE DEFENSE**

Any and all injuries and damages were proximately caused solely by the actions or negligence of the co-defendants.

## **SIXTH SEPARATE DEFENSE**

Any injuries and damages were caused by and arose out of risks of which plaintiff had full knowledge and which plaintiff assumed.

## **SEVENTH SEPARATE DEFENSE**

Any and all injuries and damages were caused solely by the negligence of the plaintiff.

## **EIGHTH SEPARATE DEFENSE**

Any and all injuries and damages were caused solely by the intentional behavior of the plaintiff.

## **NINTH SEPARATE DEFENSE**

Defendant owed no legal duty to the plaintiff.

## **TENTH SEPARATE DEFENSE**

Defendant breached no duty owed to the plaintiff.

## **ELEVENTH SEPARATE DEFENSE**

Defendant performed each and every duty, if any, owed to plaintiff.

### TWELFTH SEPARATE DEFENSE

Plaintiff has not been deprived of any right, privilege, or immunity created or recognized by the United States Constitution, the New Jersey Constitution, any statute, or any law.

### THIRTEENTH SEPARATE DEFENSE

Defendant at all times acted reasonably, in good faith, and in accordance with all applicable laws of the United States, State of New Jersey, and local ordinances.

### FOURTEENTH SEPARATE DEFENSE

Defendant did not violate any duty owed to plaintiff under common law, statute, regulations, or standards.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff failed to take reasonable and necessary measures to mitigate damages.

### SIXTEENTH SEPARATE DEFENSE

To the extent not inconsistent with anything pleaded herein, this defendant joins in the affirmative defenses asserted by the co-defendants.

### SEVENTEENTH SEPARATE DEFENSE

Any alleged infringement is barred by the statutes of limitations as set forth in section 507 of the Copyright Act, 17 U.S.C. §507, and as set forth in California Civil Code §339(1).

### EIGTEENTH SEPARATE DEFENSE

Defendant has one or more licenses.

### NINETEENTH SEPARATE DEFENSE

Plaintiff has authorized and consented to usage.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

### TWENTY-FIRST SEPARATE DEFENSE

Defendant's conduct was not a willful infringement of copyright.

### TWENTY-SECOND SEPARATE DEFENSE

One or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

### TWENTY-THIRD SEPARATE DEFENSE

Plaintiff has failed to register the copyrights in one or more of the products set forth in HIS Complaint and thus is not permitted to file this suit or maintain this action.

### TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff has engaged in one or more acts that have misused his copyright.

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff has waived his right to claim copyright infringement.

**TWENTY-SIXTH SEPARATE DEFENSE**

Plaintiff is barred by 17 U.S.C. section 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of the Plaintiff's alleged work.

**TWENTY-SEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred to the extent he claims copyright protection in works that are illegal.

**TWENTY-EIGTH SEPARATE DEFENSE**

Defendant reserves its right to assert such other affirmative defenses as continuing investigation and discovery may indicate.

**THIRD-PARTY COMPLAINT**

Defendant, The Early Bird at Milanese d/b/a The Early Bird i/p/a The Early Bird Riverton LLC, whose principal place of business is 519 Howard Street, Riverton, New Jersey, 08077, hereby says:

**COUNT ONE**

1.	At the time and place set forth in the Plaintiff's Complaint, the damages allegedly sustained by Plaintiff resulted solely from the negligence of the Third-Party Defendant, SpotHopper Inc., and responsibility therefore is upon said Third-Party Defendant, SpotHopper Inc. or, if there was any negligence on the part of Defendant/Third-Party Plaintiff, which is denied, the negligence of said Third-Party Defendant, SpotHopper Inc. was a major

contributing factor therein and thus Third-Party Defendant, SpotHopper Inc. is jointly liable with Defendant/Third-Party Plaintiff.

2. By reason of the negligence of the third-party Defendant, SpotHopper Inc., and pursuant to the Joint Tortfeasors Contribution Law and the Comparative Negligence Law, Defendant/Third-Party Plaintiff, The Early Bird at Milanese d/b/a The Early Bird i/p/a The Early Bird Riverton LLC, is entitled to recover from said third-party Defendant, SpotHopper Inc., a proportionate share of all of which Plaintiff may recover.

**WHEREFORE**, Defendant/Third-Party Plaintiff, The Early Bird at Milanese d/b/a The Early Bird i/p/a The Early Bird Riverton LLC, demands judgment for contribution from Third-Party Defendant, SpotHopper Inc., for all such sums as may be found due against Defendants/Third-Party Plaintiff, together with counsel fees and costs of suit.

### COUNT TWO

1. While denying any liability, Defendant/Third-Party Plaintiff, The Early Bird at Milanese d/b/a The Early Bird i/p/a The Early Bird Riverton LLC, asserts that any and all injuries and damages were the proximate result of the conduct of Third-Party Defendant, SpotHopper Inc., which was primary and active, and if Defendant/Third-Party Plaintiff is found liable with respect to said injuries or damages, such liability resulted solely from secondary, imputed, vicarious, or passive conduct, and Third-Party Defendant, SpotHopper Inc. is liable to Defendant/Third-Party

Plaintiff, by way of indemnification for any and all sums which Defendant/Third-Party Plaintiff may be required to pay in this action, together with costs of suit, counsel fees, interest, and such other further relief as the Court may deem equitable and just.

**WHEREFORE**, Defendant/Third-Party Plaintiff, The Early Bird at Milanese d/b/a The Early Bird i/p/a The Early Bird Riverton LLC, demands judgment indemnification from Third-Party Defendant, SpotHopper Inc., for all such sums as may be found due against Defendant/Third-Party Plaintiff, together with counsel fees and costs of suit.

### REQUEST FOR ALLOCATION

If any Defendant settles prior to verdict, this Defendant will seek an allocation by the fact finder of the percentage of negligence against the settling Defendant.  This Defendant will seek this allocation, whether or not this Defendant have formally filed a crossclaim against the settling Defendant.  This Defendant will rely upon the direct examination and cross-examination of the Plaintiff's expert witnesses, and any and all other witnesses at the time of trial, in support of this allocation and specifically reserve the right to call any and all such witnesses. All parties are being so apprised.

**WHEREFORE**, the Defendant demands judgment in its favor affirming the order of partial summary decision and final decision in its favor.

                          **METHFESSEL & WERBEL, ESQS.**
Attorneys for The Early Bird at Milanese d/b/a The Early Bird i/p/a The Early Bird Riverton LLC

By:_____
     Raina M. Pitts

DATED: December 11, 2025

Our File No. 96988

**CERTIFICATE OF MAILING**

The undersigned hereby certifies as follows:

1. I am employed by the law firm of Methfessel & Werbel.

2. On December 11, 2025 the undersigned prepared and forwarded copies of the within Answer to the following parties:

> **VIA ELECTRONIC FILING**
> Motions Clerk, United States District Court - Camden
> Mitchell H. Cohen Building & U.S. Courthouse
> 4th & Cooper Streets
> Camden, NJ 08102
>
> **VIA EMAIL: ddesouza@desouzalaw.com**
> Daniel DeSouza, Esq.
> CopyCat Legal PLLC
> 3111 North University Drive Suite 301
> Coral Springs, FL 33065

2. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.



_____
Maycee P. Campano